T.C. Summary Opinion 2010-4

UNITED STATES TAX COURT


PATRICIA A. KELLY, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 26385-08S.                    Filed January 13, 2010.


Patricia A. Kelly, pro se.

Carrie L. Kleinjan, for respondent.


DEAN, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue.

For 2006 respondent determined a deficiency of $6,300 in petitioner's Federal income tax and an accuracy-related penalty of $1,260 under section 6662(a). After petitioner's concession,[1] the sole issue for decision is whether petitioner is liable for the accuracy-related penalty.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by reference. When petitioner filed her petition, she resided in Pennsylvania.

In 2006 petitioner was going through a divorce. On January 22, 2007, as part of the divorce settlement agreement, she and her former husband signed a property settlement agreement. The agreement provided that neither party would seek alimony and that both parties waived any future rights to alimony payments. The agreement further provided that the husband agreed to waive any and all rights to petitioner's residence and petitioner agreed to pay her husband a total of $45,000 in two separate payments. The first payment was due upon a refinancing of the home, and the second payment was due April 1, 2007. In November 2006, prior to the execution of the property settlement agreement, petitioner wrote a $22,500 check payable to "cash" with the notation

---

[1] Petitioner concedes that she is not entitled to deduct $22,500 as an alimony payment.

"Michael Kelly" (petitioner's former husband).  Petitioner
endorsed and negotiated the check.

In a timely filed Federal individual income tax return for
2006 petitioner deducted $22,500 as alimony.  In a notice of
deficiency respondent determined that this amount was not
deductible and that petitioner was liable for an accuracy-related
penalty of $1,260 due to a substantial understatement of income
tax.

### Discussion

Section 6662(a) and (b)(2) imposes a 20-percent
accuracy-related penalty for any portion of an underpayment that
is attributable to a substantial understatement of income tax.[2]
An understatement of income tax is the excess of the amount of
income tax required to be shown on the return for the taxable
year over the amount of income tax imposed that is shown on the
return, reduced by any rebate.  See sec. 6662(d)(2)(A).  An
understatement is substantial if it exceeds the greater of 10-
percent of the tax required to be shown on the return for the
taxable year or, in the case of an individual, $5,000.  See sec.
6662(d)(1)(A).

The Commissioner bears the burden of production with respect
to the applicability of an accuracy-related penalty determined in

---

[2]The Court need not determine whether petitioner is liable
for the accuracy-related penalty due to negligence.

a notice of deficiency.  See sec. 7491(c).  In order to meet the burden of production under section 7491(c), the Commissioner need only make a prima facie case that imposition of the penalty or addition to tax is appropriate.  Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  Once he has met his burden, the burden of proof is upon the taxpayer to prove that the accuracy-related penalty does not apply because of reasonable cause, substantial authority, or the like.  See secs. 6662(d)(2)(B), 6664(c); Higbee v. Commissioner, supra at 449.  Petitioner had a substantial understatement of income tax for 2006, since the understatement amount exceeded $5,000.  The Court finds that respondent has met his burden for the determination of an accuracy-related penalty based on substantial understatement of income tax.

An accuracy-related penalty is not imposed on any portion of the underpayment as to which the taxpayer acted with reasonable cause and in good faith.  Sec. 6664(c)(1).  Section 1.6664-4(b)(1), Income Tax Regs., incorporates a facts and circumstances test to determine whether the taxpayer acted with reasonable cause and in good faith.  The most important factor is the extent of the taxpayer's effort to assess his proper tax liability.  Id.

Reliance on the advice of a tax professional may also constitute reasonable cause and good faith if under all the facts and circumstances the reliance is reasonable and in good faith.

Neonatology Associates, P.A. v. Commissioner, 115 T.C. 43, 98 (2000), affd. 299 F.3d 221 (3d Cir. 2002); sec. 1.6664-4(c)(1), Income Tax Regs. To qualify for this exception a taxpayer must prove by a preponderance of the evidence that: (1) The adviser was a competent professional who had sufficient expertise to justify reliance; (2) the taxpayer provided necessary and accurate information to the adviser; and (3) the taxpayer actually relied in good faith on the adviser's judgment. Neonatology Associates, P.A. v. Commissioner, supra at 98-99.

Petitioner testified that she did not prepare her own return but that for 2006 she paid a tax preparer to prepare her return. Petitioner testified that she provided the tax preparer with a copy of her divorce decree and she told him that she had paid $22,500 of alimony in 2006.

Beyond petitioner's testimony, there is no credible evidence that she provided her tax preparer with the necessary documents to allow him to accurately assess whether the $22,500 was a deductible alimony payment. Instead, petitioner told her tax preparer that she paid alimony in 2006. In addition, she did not make the payment under a written agreement indicating that the $22,500 was an alimony payment. The law in this area is well settled. Absent a written agreement, payments made pursuant to an oral agreement are not deductible as alimony payments. See Jachym v. Commissioner, T.C. Memo. 1984-181.

The Court is unable to conclude on the record before us that it was reasonable for petitioner to rely on the advice of her tax preparer.  There is no credible evidence that she provided the tax preparer with the documents necessary to make a professional conclusion as to whether the payment was deductible.  In addition, petitioner testified that she told her tax preparer that her payment was an alimony payment and was therefore deductible.  The Court finds that petitioner's reliance was unreasonable under the circumstances, and respondent's determination is sustained.

To reflect the foregoing,

Decision will be entered

for respondent.